THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

UNITED STATES OF AMERICA      )
                              )
            vs.               )          CAUSE NO. 3:02-CR-81
                              )
CLAUDE HARPER                 )

OPINION AND ORDER

On March 10, 2008, the court denied Clause Harper's request for a sentence reduction based on the Sentencing Commission's decision to apply Amendments 706 and 711 of the United States Sentencing Guidelines retroactively, finding that Mr. Harper's sentence could not be modified under 18 U.S.C. § 3582 and Amendment 706 because he was sentenced under the Career Offender Guidelines, U.S.S.G § 4B1.1, rather than purely on the basis of crack cocaine quantities. Mr. Harper has filed an appeal of that order and is before the court asking that he be permitted to proceed *in forma pauperis* on his appeal. Mr. Harper represents that he is indigent and unable to pay the filing fee.

Federal Rule of Appellate Procedure 24(a)(3) provides that a financially indigent person may be permitted to proceed on appeal *in forma pauperis* unless the court "certifies that the appeal is not taken in good faith." In other words, the court must determine "that a reasonable person could suppose that the appeal has some merit." Walker v. O'Brien, 216 F.3d 626, 632 (7th Cir. 2000). No reasonable person could find that Mr. Harper's appeal has any merit because he is not eligible for a sentence reduction under the amended crack cocaine

guidelines.  Accordingly, the court concludes that his appeal is not taken in good faith, and his request for pauper status must be denied.

For the reasons stated above, the court DENIES Mr. Harper's motion for leave to appeal *in forma pauperis* [Doc. No. 44].

SO ORDERED.

Entered:   April 24, 2008

_____/s/ Robert L. Miller, Jr._____
Chief Judge
United States District Court

2